**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 19, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROGER LESLIE WOLMAN;
CAROLINE R. WOLMAN,

       Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE,

       Respondent-Appellee.

No. 05-9001
(T.C. No. 18953-02)
(Tax Court)

---

**ORDER AND JUDGMENT**[*]

---

Before **McCONNELL**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

In 1994, petitioner Roger Leslie Wolman won $1,500,000 in the Colorado

lottery, payable in twenty-five annual installments. Mr. Wolman and his wife,

petitioner Caroline R. Wolman, reported the first five payments as ordinary

income on their federal tax returns. In 1998, Mr. Wolman sold his right to

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

receive the remaining lottery installment payments to Capital First Financing Corp. in exchange for two lump sum payments, payable in 1998 and 1999. The Wolmans reported this sale on their 1998 and 1999 tax returns as the sale of a capital asset resulting in a capital gain. The Internal Revenue Service (IRS) issued the Wolmans a notice of deficiency for those two years, determining the lump sum payments received for the assignment of the right to the future lottery installment payments was taxable as ordinary income. The Wolmans filed a petition with the Tax Court disputing the IRS's determination. The Tax Court agreed with the IRS and held that the lump sum amounts constituted ordinary income and not capital gains. *Wolman v. Comm'r*, T.C. Memo. 2004-262 (T.C. 2004). After the Tax Court denied the Wolmans' motion to vacate or revise the decision, they appealed.

On appeal, the Wolmans continue to argue that the money received from Capital First Financing in 1998 and 1999 was long term capital gain and not ordinary income. This court recently considered and rejected this argument in a case presenting very similar facts. *See Watkins v. Comm'r*, No. 04-9016, ___ F.3d ___, 2006 WL 1266530 (10th Cir. May 10, 2006). For the same reasons stated in *Watkins*, we reject the Wolmans' argument and hold that the lump sum payments were taxable as ordinary income.

The Wolmans also argue that Mr. Wolman made a capital investment in lottery tickets in excess of $4000 from January 28, 1989 through April 2, 1994.

They contend that this "investment" makes the right to the lottery installment payments a capital asset. We reject this argument. The purchase of lottery tickets is not an underlying investment of capital. *See Watkins*, 2006 WL 1266530, at *3 n.4. Also, neither Mr. Wolman's purchase of a computer, printer, and a lottery computer program nor the time he spent making his lottery picks were capital investments.

Accordingly, we AFFIRM the judgment of the Tax Court.

Entered for the Court

Stephen H. Anderson
Circuit Judge